**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**REGINA HOGAN et al.,**

                         **Plaintiffs,**          **1:19-cv-1455
                                                         (GLS/DJS)**

              v.

**CVS ALBANY, LLC,**

                         **Defendant.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:**<br>Rosenblum & Gelbman, LLP<br>115 Great Oaks Boulevard<br>Albany, NY 12203 | SANFORD ROSENBLUM, ESQ. |
| Gelbman Legal Group, P.C.<br>2009 Eastern Parkway<br>Schenectady, NY 12309 | ANDREW M. GELBMAN, I,<br>ESQ. |
| **FOR THE DEFENDANT:**<br>Monaco Cooper Lamme & Carr<br>PLLC<br>1881 Western Avenue<br>Suite 200<br>Albany, NY 12203 | WILLIAM D. YOQUINTO, ESQ.<br>ADAM H. COOPER, ESQ.<br>GINA T. WISNIEWSKI, ESQ.<br>MICHELLE ANN STORM, ESQ. |
| Reminger Co. LPA<br>101 West Prospect Avenue<br>Suite 1400<br>Cleveland, OH 44115 | JEANNE M MULLIN, ESQ. |

**Gary L. Sharpe**
**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs Regina Hogan (hereinafter "Hogan"), along with her husband Richard W. Hogan, Jr., commenced this action against defendant CVS Albany, LLC alleging negligence and loss of consortium. (Dkt. No. 2.) Now pending is plaintiffs' motion for partial summary judgment, (Dkt. No. 50), and CVS's cross-motion for summary judgment. (Dkt. No. 53.) For the reasons that follow, plaintiffs' motion for partial summary judgment is denied and CVS's cross-motion for summary judgment is granted.

## II. Background

### A. Facts[1]

In February 2017, Hogan underwent surgery. (Def.'s Statement of Material Facts (SMF) ¶ 1, Dkt. No. 53, Attach. 2.) Before surgery, Hogan reported to her surgeon that she had prior reactions to certain opioid pain medications including hydrocodone, oxycodone, and codeine. (*Id.* ¶ 2.) These reactions included vomiting, nausea, and dizziness. (*Id.* ¶¶ 14-16.) Hogan's surgeon prescribed her Dilaudid, also known by the generic name hydromorphone, to treat her post-operative pain. (*Id.* ¶ 3.) Shortly after her surgery, Hogan went to a CVS pharmacy to fill her prescription. (*Id.* ¶¶

---

[1] As discussed further below, plaintiffs have failed to file a statement of material facts that is compliant with Local Rules 7.1(b) and 56.1(a). In support of their motion, plaintiffs did not submit a separate statement of material facts, instead, they have included a section labeled "Factual History," which does not contain citations to the record supporting each fact asserted therein. (Dkt. No. 50, Attach. 1 at 4-9.) In its cross-motion for summary judgment, CVS submitted a proper statement of material facts, (Dkt. No. 53, Attach. 2), which plaintiffs do not controvert. Instead, plaintiffs submitted a reply statement of material facts that is simply a recitation of the "Factual History" section of their memorandum in support of summary judgment, now including citations to the record supporting the facts asserted. (Dkt. No. 62, Attach 2.) Plaintiffs' reply statement of material facts is improper, and yet another blatant failure to comply with Local Rules of Practice. Accordingly, because plaintiffs have made no attempt to controvert, CVS's statement of material facts is deemed admitted insofar as the facts asserted are properly supported.

4-5.)

Michael McGaugh was the CVS staff pharmacist who filled Hogan's prescription for Dilaudid.  (*Id.* ¶¶ 24, 32.)  According to CVS procedures, if a pharmacist processing a prescription order would like to discuss something regarding the medication being prescribed with the patient, the pharmacist may write on the medication label to trigger such discussion when the prescription is picked up.  (*Id.* ¶ 29.)  When processing Hogan's prescription, McGaugh handwrote "allergy?" on the label because he had a question about whether she may have an allergy or reaction to opioids "based on the information available to him."  (*Id.* ¶¶ 33-35.)  McGaugh does not recall whether he ever discussed a potential allergy or reaction to opioids with Hogan.  (Dkt. No. 53, Attach 12 at 61-62.)

The directions on the Dilaudid label instructed Hogan to take the prescribed dose "every [four] to [six] hours as needed for pain."  (Def.'s SMF ¶ 9.)  Hogan took one dose when she arrived home after her surgery, and took a second dose approximately four hours later.  (*Id.* ¶¶ 10-11.)  Immediately after consuming the second dose, Hogan began to vomit.  (*Id.* ¶ 11.)  After taking a third dose, Hogan continued vomiting and experienced dizziness, (*Id.* ¶ 12), and she was hospitalized as a result of

4

her symptoms, (Dkt. No. 53, Attach. 23 at 3[2]).

**B.    Procedural History**

Plaintiffs commenced this action in New York State Supreme Court in Albany County in October 2019.  (Compl.)  CVS removed the action to this court on the basis of diversity jurisdiction.  (Dkt. No. 1.)  Following the close of discovery, plaintiffs moved for partial summary judgment on the issue of liability, (Dkt. No. 50,) and CVS cross-moved for summary judgment.  (Dkt. No. 53.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 56 is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

### IV.  Discussion

As a preliminary matter, because plaintiffs failed to submit a complete and separate statement of material facts in compliance with

---

[2] Citation refers to the pagination generated by CM/ECF, the Court's electronic filing system.

Local Rules 7.1(b) and 56.1(a), their motion for partial summary judgment must be denied. *See* supra note 1; N.D.N.Y. L.R. 56.1(a) ("Any motion for summary judgment shall contain a separate Statement of Material Facts . . . [e]ach fact listed shall set forth a specific citation to the record where the fact is established . . . [f]ailure . . . to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.")

Turning to CVS's cross-motion for summary judgment, it contends that it is entitled to summary judgment because, among other reasons, plaintiffs have not provided expert testimony[3] required to establish that CVS breached its standard of care. (Dkt. No. 53, Attach 1 at 3-5.) Plaintiffs counter that expert testimony is not required because "a layman" could understand that a notation for "allergies known" required CVS to counsel Hogan. (Dkt. No. 62 at 14.)

In New York,[4] the standard of care imposed on a pharmacist is that

---

[3] Notably, CVS has submitted reports from two experts, who opine that Dilaudid was not contraindicated for Hogan. (Dkt. No. 53, Attach. 3; Dkt. No. 53, Attach. 4).

[4] New York law applies here because jurisdiction is based upon diversity and the court must apply the substantive law of the forum state, which is New York. *See Rich v. Tee Bar Corp.*, No. 1:10-CV-1371, 2013 WL 316154, at * 4 (N.D.N.Y. 2013). Additionally, the parties appear to agree that New York law applies. (Dkt. No. 50, Attach 1 at 10; Dkt. No.

6

of "ordinary care in the conduct of his or her business." *Burton v. Sciano*, 110 A.D.3d 1435, 1436 (4th Dep't 2013) (alteration omitted). "Generally, a pharmacist cannot be held liable for negligence in the absence of an allegation that he or she . . . was aware that the customer had a condition that would render the prescription of the drug at issue contraindicated." *Id*. In order to prevail on a claim for malpractice,[5] the plaintiff must demonstrate that "there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury." *Georgetti v. United Hosp. Med. Ctr.*, 204 A.D.2d 271, 272 (2d Dep't 1994). The plaintiff must establish the applicable standard of care through expert testimony, unless "the alleged act of malpractice falls within the competence of a lay jury to evaluate." *530 East 89 Corp. v. Unger*, 43 N.Y.2d 776, 777 (1977) (citations omitted); *see Sitts v. United States*, 811 F.2d 736, 739 (2d Cir. 1987) (citations omitted).

    Here, the alleged act of malpractice does not fall within the competence of a lay juror. The difference between types of opioids and

---

53, Attach 1 at 2.)

   [5] In New York, pharmacists are considered professionals with respect to malpractice claims. *See Esanu v. Klein*, No. 650741/2011, 2011 WL 4346672, at 4 (Sup. Ct. New York County 2011).

7

what the acceptable standard of care was with respect to dispensing Dilaudid to Hogan are not issues "within the competence of untutored laypersons to evaluate, as common experience and observation offer little guidance." *Michael v. He Gin Lee Architect Planner, PLLC*, 61 N.Y.S.3d 236, 237 (2d Dep't 2017) (internal quotation marks and citations omitted); *see Geffer v. North Shore Univ. Hosp.*, 57 A.D.3d 839, 842 (2d Dep't 2008); *Berk v. St. Vincent's Hosp. and Med. Ctr.*, 380 F. Supp. 2d 334, 343 (S.D.N.Y. 2005) (finding that an expert opinion was required in a medical malpractice claim for negligent medical advice following surgery); *compare e.g., Sitts,* 811 F.2d at 740 (citing medical malpractice cases where the "proper standard of care [is] so clear and obvious that it . . . [is] within the understanding of the ordinary layman without the need for expert testimony," such as where a dentist pulls the wrong tooth or an 'injury has occurred to a part of the body remote from the site of . . . surgery'). Accordingly, expert testimony is required here to establish the accepted standards of practice.

Because plaintiffs have not proffered an expert report or identified an

expert witness, they are foreclosed from establishing their claims.[6]

Accordingly, CVS is entitled to summary judgment as a matter of law.[7]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion for partial summary judgment (Dkt.

---

[6] The dismissal of plaintiff's malpractice claim also requires dismissal of their loss of consortium claim because a claim for loss of consortium is derivative in nature. *See Liff v. Schildkrout*, 49 N.Y.2d 622, 632 (1980) ("Nor can it be said that a spouse's cause of action for loss of consortium exists in the common law independent of the injured spouse's right to maintain an action for injuries sustained."); *Taggart v. Costabile*, 131 A.D.3d 243, 257 (2d Dep't 2015) ("Since the cause of action to recover damages for loss of consortium is derivative in nature, the dismissal of the . . . primary cause[] of action also necessitates dismissal of the loss of consortium cause of action.")

[7] Because CVS is entitled to summary judgment on the basis of plaintiffs' failure to present expert testimony, the court need not address the remaining arguments raised by the parties. *See Sitts*, 811 F.2d at 742 (granting defendants' motion for summary judgment where a medical malpractice plaintiff failed to identify an expert, and, thus, could not establish a prima facie case, even when potential issues of fact existed as to other elements of the claim); *Berk*, 380 F. Supp. 2d at 343 (granting defendants' motion for summary judgment where plaintiff failed to present expert testimony with respect to the standard of care). Additionally, to the extent CVS seeks to strike an "improperly obtained exhibit" submitted by plaintiffs, (Dkt. No. 68 at 2-3 (discussing Dkt. No. 62, Attach. 1,)) this is denied as moot because the court did not rely on the challenged exhibit. *See Ricci v. Destefano*, No. 3:04 CV 1109, 2006 WL 2666081, at *3 (D. Conn. 2006).

9

No. 50) is **DENIED**; and it is further

    **ORDERED** that CVS's cross-motion for summary judgment (Dkt. No. 53) is **GRANTED**; and it is further

    **ORDERED** that the complaint (Dkt. No. 2) is **DISMISSED**; and it is further

    **ORDERED** that the Clerk is directed to close this case; and it is further

    **ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 29, 2022  
Albany, New York

*Gary L. Sharpe*  
Gary L. Sharpe  
U.S. District Judge